UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

**NATALIYA SOPKO**, :

Plaintiff, :

– against – : **ORDER ADOPTING REPORT AND RECOMMENDATION**

24-CV-6434 (AMD) (JRC)

**THE NEW YORK COMMUNITY HOSPITAL OF BROOKLYN, INC.**, *doing business as Maimonides Midwood Community Hospital*, *et al.*, :

Defendants. :

---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

The plaintiff brings claims for employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq*., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq*. (ECF No. 1.) On December 8, 2025 and April 16, 2026, the plaintiff moved to amend the complaint. (ECF Nos. 27, 32.) On July 30, 2026, Magistrate Judge James R. Cho issued a report and recommendation in which he recommended that the Court grant in part and deny in part the plaintiff's motions. (ECF No. 41.) The defendants filed objections to the report and recommendation on August 13, 2026. (ECF No. 42.) The plaintiff opposes. (ECF No. 43.) For the following reasons, the Court adopts the report and recommendation and grants in part the plaintiff's motions to amend.

## BACKGROUND

The plaintiff is "a 50-year-old adult female individual of Ukrainian national origin" who worked for New York Community Hospital of Brooklyn, Inc. d/b/a Maimonides Midwood Community Hospital as an EKG technician. (ECF No. 1 ¶ 14.) She filed the complaint on

September 13, 2024 against The New York Community Hospital of Brooklyn, Inc., Joan Jamieson, Anthony Clovis, and John Does 1-5, bringing claims for employment discrimination and harassment based on her national origin, as well as for retaliation. (ECF No. 1.) On October 30, 2025, the plaintiff moved to amend the complaint. (ECF No. 24.) At a hearing on December 2, 2025, Judge Cho denied the motion to amend without prejudice. (*See ECF Minute Entry dated Dec. 2, 2025.*) On December 8, 2025, the plaintiff renewed the motion to amend; she sought to "supplement the factual recitations of her complaint," substitute Dr. Boris Molchanskiy for one of the John Doe defendants, and add defamation and intentional infliction of emotional distress claims. (ECF No. 27; *see also* ECF No. 27-1.) The defendants opposed. (*See* ECF No. 28.) The Court referred the motion to Judge Cho on January 6, 2026. (*See ECF Order dated Jan. 6, 2026.*) On April 16, 2026, the plaintiff moved to amend again, to add a claim for violation of the New York City Earned Safe and Sick Time Act ("ESSTA"), N.Y.C. Admin. Code § 20-911, *et seq*. (ECF No. 32; *see also* ECF No. 32-1.) The defendants opposed this motion, too. (*See* ECF No. 34.) The Court referred the motion to amend to Judge Cho on April 29, 2026. (*See ECF Order dated Apr. 29, 2026.*) After a status conference before Judge Cho, the parties filed supplemental briefing. (ECF Nos. 37, 38.)

On July 30, 2026, Judge Cho issued a report and recommendation in which he recommended that the Court grant the plaintiff's motion to supplement the complaint with additional factual allegations, the motions to add claims for defamation and for violating ESSTA, and the motion to add Dr. Molchanskiy as a defendant. (*See* ECF No. 41.) Judge Cho recommended that the Court deny the motion to add an intentional infliction of emotional distress claim. (*See id.*) The defendants filed objections to the report and recommendation on August 13, 2026. (ECF No. 42.) The plaintiff opposes the objections. (ECF No. 43.)

## LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). District judges need not review the conclusions of the magistrate judge to which there was no objection, as long as the decision was not "clearly erroneous." *White v. W. Beef Properties, Inc.*, No. 07-CV-2345, 2011 WL 6140512, at *2 (E.D.N.Y. Dec. 9, 2011) (quoting *United States v. Burke*, No. 09-cr-135, 2011 WL 2609837, at *1 (E.D.N.Y. July 1, 2011)). The defendants do not object to the portions of Judge Cho's opinion that recommended granting the plaintiff's motion to supplement the Complaint with additional factual allegations, granting her motion to add Dr. Molchanskiy as a defendant, and denying her motion to add a claim for intentional infliction of emotional distress. (*See* ECF No. 42 at 5.) These portions of the Report and Recommendation are not clearly erroneous. Therefore, the Court declines to reiterate what Judge Cho thoroughly and soundly analyzed.

Under Rule 72, the standard of review that district courts apply to magistrate judges' reports and recommendations depends on whether the matter addressed in the report is dispositive or non-dispositive of a party's claim or defense. Fed. R. Civ. P. 72. A magistrate judge's decision on a non-dispositive motion is reviewed for clear error and a decision on a dispositive motion is reviewed *de novo*. *Id.* As other courts in this district have noted, whether a motion for leave to amend a complaint should be classified as dispositive or non-dispositive is not settled in the Second Circuit. *See Chariot v. Ecolab, Inc.*, 97 F.Supp.3d 40, 46 n.5 (E.D.N.Y. 2015) (noting that authority is divided and declining to take a position where the court would adopt the report under either standard); *Dollar Phone Corp. v. St. Paul Fire*, No. 09-CV-1640, 2011 WL 837793, at *1 (E.D.N.Y. Mar. 4, 2011) ("The proper standard of review to apply to objections to a magistrate's order denying leave to amend is not clearly settled in this Circuit.")

While "the weight of authority within this Circuit classifies a motion to amend a pleading as non-dispositive," *Set Cap. LLC v. Credit Suisse Grp. AG*, No. 18-CV-2268, 2024 WL 20887, at *5 (S.D.N.Y. Jan. 2, 2024) (citation modified), some courts have suggested that a decision on a motion to amend is dispositive if the magistrate judge denies the motion because it effectively dismisses or precludes a claim. *See Garcia v. Paris Maintenance*, 15-CV-0663, 2016 WL 3093895, at *1 (E.D.N.Y. June 1, 2016); *Louis v. Metro. Transit Auth.*, No. 12-CV-6333, 2014 WL 5311455, at *1 (E.D.N.Y. Oct. 16, 2014). Even these courts, however, hold that a magistrate judge's decision to grant a motion to amend is non-dispositive. *See Garcia*, 2016 WL 3093895, at *1; *Louis*, 2014 WL 5311455, at *1. The defendants object only to Judge Cho's recommendations that the Court grant the plaintiff leave to amend her complaint. (*See* ECF No. 42 at 5.) Accordingly, the clear error standard governs the Court's review of these portions of Judge Cho's Report and Recommendation.

## DISCUSSION

### I. Defamation Claim

Judge Cho recommended that the Court grant the plaintiff's motion to amend her complaint to add a defamation claim. (*See* ECF No. 41 at 9–13.) The defendants object on two grounds. First, they argue that "[t]he Report and Recommendation mischaracterizes the context of the allegedly defamatory statement and relies on cases that are materially distinguishable from the allegations pleaded in the Complaint." (ECF No. 42 at 7.) In her proposed second amended complaint, the plaintiff alleges that "on or about late July 29, 2025," the plaintiff's union representative "informed [the plaintiff] that Defendant Clovis had told her a few days prior that [the plaintiff] had engaged in acts of 'racism' toward Defendant Jamieson in the past, and that Defendant Jamieson had filed an internal complaint against [the plaintiff] for said conduct." (ECF No. 32-1 ¶¶ 93–94.) Judge Cho concluded that this was sufficient to state a claim for

defamation *per se*, because "[a]llegations of racism are sufficient to state a claim for defamation *per se*, particularly since plaintiff is a medical professional who treats members of the general public." (ECF No. 41 at 12.) The defendants object that in the cases Judge Cho cited, "the allegedly defamatory statements expressly concerned the plaintiff's workplace performance, professional ability, or provision of services to clients," while the claim in the proposed second amended complaint "contains no comparable reference to Plaintiff's professional qualifications or performance." (ECF No. 42 at 8.)

Under New York law, "[t]he following statements are *per se*: defamatory statements '(i) charging plaintiff with a serious crime; (ii) that tend to injure another in his or her trade, business or profession; (iii) that plaintiff has a loathsome disease; or (iv) imputing unchastity to a woman.'" *McCollum v. Baldwin*, 688 F. Supp. 3d 117, 127 (S.D.N.Y. 2023) (quoting *Liberman v. Gelstein*, 80 N.Y.2d 429, 435 (1992)). "The words should be considered in the context in which they were used and whether they can be readily interpreted as imparting to plaintiff 'fraud, dishonesty, misconduct or unfitness in [her] business.'" *Herlihy v. Metro. Museum of Art*, 214 A.D.2d 250, 261 (1995) (quoting *Vacca v. Gen. Elec. Credit Corp*, 88 A.D.2d 740 (3d Dept 1982)). As Judge Cho noted, in *Herlihy*, the First Department held that Herlihy, who worked at the Metropolitan Museum of Art, "properly set forth a cause of action for slander per se," where she alleged that the defendants accused her of making anti-Semitic remarks to them. *Herlihy*, 214 A.D.2d at 254, 261. The court reasoned that "[s]ince the ability to interact with the many diverse peoples that make up the Museum's patrons is essential to the successful performance of her supervisory duties, defendants' allegations reference a matter of significance and importance to plaintiff's profession and are not merely a general reflection upon her character or qualities." *Id.* at 261. Following this line of reasoning, Judge Cho concluded that the plaintiff had stated a

claim for defamation *per se* because "allegations of racism against an EKG technician who treats members of the general public of all backgrounds[] would tend to cause injury to plaintiff in her profession." (ECF No. 41 at 12 (citation modified).) This was not clearly erroneous. *See Locus Techs. v. Honeywell Int'l Inc.*, 632 F. Supp. 3d 341, 351 (S.D.N.Y. 2022) ("A decision is 'clearly erroneous' when, 'upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed.'" (alteration in original) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006))). Accordingly, the defendant's objection is overruled.

Second, the defendants fault Judge Cho for "fail[ing] to acknowledge, much less analyze, Defendants' argument that Defendant Clovis's alleged communication with a union representative is protected by qualified privilege." (ECF No. 42 at 12.) The defendants did not make this argument to Judge Cho. (*See* ECF No. 28.) "[E]ven in a *de novo* review of a party's specific objections, the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (alterations omitted) (quoting *Kennedy v. Adamo,* No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)). District courts "generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate." *Rosenberg v. Lashkar-e-Taiba*, No. 10-CV-5381, 2017 WL 11647006, at *5 (E.D.N.Y. Mar. 31, 2017) (quoting *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008)). Accordingly, the plaintiff's motion to amend the complaint to add a defamation claim is granted.

## II. ESSTA Claim

Judge Cho recommended that the Court grant the plaintiff's motion to amend the complaint to add an ESSTA claim. (*See* ECF No. 41 at 22–25.) The defendants argue that Judge

Cho should have considered the language in the plaintiff's collective bargaining agreement ("CBA"), which, according to the defendants, prevents the plaintiff from bringing an ESSTA claim. (*See* ECF No. 42 at 14–16.) Judge Cho rejected this argument. (*See* ECF No. 41 at 22–25.) "Objections are not to be used by a party to rehash the same arguments set forth in the original papers." *Graham v. Ferretti*, No. 14-CV-5815, 2018 WL 1392344, at *1 (E.D.N.Y. Mar. 20, 2018) (citation modified). Judge Cho held that the Court could not consider the CBA, because the plaintiff did not allege any facts about it in her complaint. (*See* ECF No. 41 at 24.) This was correct. Indeed, the rule in the Second Circuit is that a district court deciding a motion to dismiss may not consider a CBA if the plaintiff does mention it or attach it to her complaint. *See Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 202–03 (2d Cir. 2013); *see also Kaye v. Orange Reg'l Med. Ctr.*, 975 F. Supp. 2d 412, 419 (S.D.N.Y. 2013) (describing *Nakahata* as holding "that it is inappropriate for a court to consider a CBA in evaluating a motion to dismiss claims not dependent on the CBA and where no facts about the CBA are alleged in a plaintiff's complaint.").[1] Accordingly, the Court overrules the defendants' objections and grants the plaintiff's motion to amend the complaint to add an ESSTA claim.

[1] A court deciding whether to grant leave to amend applies the same standard it applies in deciding whether to grant a motion to dismiss under Rule 12(b)(6). *See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 88 (2d Cir. 2002).

## CONCLUSION

For these reasons, the Court adopts Judge Cho's thorough and well-reasoned report and recommendation. The Court grants the plaintiff's motion to amend the complaint by supplementing it with additional factual allegations, adding claims for defamation and for violation of ESSTA, and adding Dr. Molchanskiy as a defendant, but denies the plaintiff's motion to add a claim for intentional infliction of emotional distress.

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
August 31, 2026